#00414 424
FCI Herlong
P.O. Box 800
Herlong, CA 96113

FILED
FEB 27 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

2:22 CV 2269 AC

U.S. Courthouse — Clerk of Court

Dear Clerk:

I am running out of paper, we are on lockdown and have not went to commissary in 6 weeks. Please file my enclosed 2241. I will send the $5.00 fee as soon as you give me a case number. Please send me a "Magistrate Consent" form, we have no way to make copies. Thank you for your time.

Regards,
[signature]

TRULINCS 00414424 - FIORITO, MICHAEL - Unit: HER-T-B

----------------------------------------------------------------------------------------

FROM: 00414424
TO:
SUBJECT: front of complaint
DATE: 02/19/2023 02:55:25 PM


UNITED STATES DISTRICT COURT
CALIFORNIA

Michael Fiorito,　　　　　　　　　　　　　　　　　　Case No.　TBD
Petitioner,

　　　　　　　　　　　　　　　　　PETITION SEEKING RELIEF PURSUANT TO 28 USC 2241,
　　　　　　　　　　　　　　　　　THE ADMINISTRATIVE PROCEDURES ACT, AND THE
V.　　　　　　　　　　　　　　　　　ACCARDI DOCTRINE

Warden Brewer,
Respondent.

SECTION I.

　　　COMES NOW, Petitioner Michael Fiorito, proceeding pro se, seeking injunctive & declaratory relief for the sham

　　　incident reports issued against him by staff at FCI Sandstone in Minnesota. Petitioner is now housed at FCI Herlong.

AFFIDAVIT: I declare under penalty of perjury pursuant to 28 USC 1746 that the information contained herein is true and
　　　　　　　accurate.

　　　　　　　　　　　　/s/ _____Michael Fiorito_____

PRO SE STANDARD OF REVIEW:

A. Petitioner does not wish to recite his tale of woes from his current litigation in Minnesota but he feels he must provide

　　　this Honorable Court with some recent background. Petitioner was sentenced in Minnesota to 270 months after a jury

　　　found him guilty of 6 counts of mail fraud related to Petitioners sub-prime mortgage business which the government

　　　called an equity stripping scheme. Petitioner made the suicidal decision to withdraw his plea agreement and he proceeded

　　　to trial in front of Judge Schiltz. The real reason Petitioner received a sentence one year longer than the average

　　　person convicted of MURDER in the federal system is because Judge Schiltz was offended that Petitioner elected for trial

　　　and Petitioner and Judge Schiltz exchanged many insulting and harsh words between them. This all occurred in 2007.

B. Fast Forward to 2021 and USP Atlanta was being closed down and Petitioner was transferred to FCI Sandstone.

C. Petitioner suffers from various, severe, years-long, medical issues that are well documented in his file. Petitioner has

　　　filed many civil actions and grievances as a result of the BOP's refusal to diagnose his medical problems and treat him.

　　　Staff at FCI Sandstone refused to provide Petitioner with any medical care whatsoever. Petitioner filed grievances and

　　　staff there did what they do in most BOP facilities when an inmate "files" they retaliated. Thus far Petitioner has filed

　　　13 civil actions against staff and the US at FCI Sandstone for denying him medical care.　　　　　　　　　　　(1)

The unfortunate part of this sad tale is that Judge Schiltz decided to take almost all of Petitioners cases. It became get even time for Judge Schiltz. Judge Schiltz has used every under-handed trick to try and get Petitioners valid civil actions dismissed. He even did something unheard of, Judge Schiltz ORDERED Defense Counsel to raise an affirmative defense and denied Petitioners request for an extension of time and as a result dismissed his habeas corpus cases. Judge Schiltz has denied Petitioner the needed pro se standard of review and patience that the Supreme Court has ordered lower Courts to do for decades. This is not a litigants sorry complaints over sour grapes. Judge Schiltz took the unprecedented step of threatening to bar Petitioner from filing his complaints in STATE COURT where he has zero authority. Judge Schiltz has continued his tirades against Petitioner belittling him and making threats against Petitioner at every turn. Judge Schiltz should have long ago recused from Petitioners cases but his incredible hubris prevents him from doing what is fair and just.

Petitioner needs the lee-way afforded pro se, incarcerated, indigent litigants. Not because he doesn't understand the law or can't formulate arguments, its because of his (and all inmates) in medium security facilities lack of access to the ELL and typewriters, paper, and here at FCI Herlong they didn't even have stamps to sell inmates for THREE WEEKS! Since October 2022 this prison has been on lockdown 47 days. We are now on Covid 19 lockdown due to a covid flare up which we were told by staff will last for between 10-21 days. One of Petitioners medical problems is severe rheumatoid arthritis which affects his hands, fingers and wrists. Sandstone and Herlong will not provide Petitioner with his medication for it & there are days when he cannot even write. There are multiple other problems Petitioner and other inmates face at FCI Herlong that hinder our ability to litigate but I am sure the court gets the picture.

Petitioner described all of these problems to Judge Schiltz over and over and over and it fell on deaf ears. Never has Petitioner been faced with a summary judgement motion and not only been denied warnings about dismissal but also denied a request for a 30 day extension of time.

D. Petitioner is now at the end of his sentence. As a result of this fictitious, retaliatory incident report the DHO took 14 days of good time. Petitioner is scheduled to leave in July or August of 2023, the loss of 14 days will cause Petitioner to stay incarcerated another 2 weeks, he has now been in prison for over FIFTEEN YEARS. Prior to his transfer to Sandstone Petitioner NEVER lost any good time and had an exemplary prison record.

Petitioner respectfully requests this Honorable Court liberally construe his motions and pleadings and be patient with him. Petitioner can point to his case pending in the Central District of California Fiorito v. Dr. Anderson et al No._____ which has been pending for an incredible 5 years, that case is how Petitioner normally conducts himself. With the exception of Judge Schiltz every federal judge Petitioner has practiced in front of has



always been patient and understanding of the significant hurdles inmate litigants face and Petitioner has always been appreciative of the Courts time and allowances. Petitioner does not wish to have Judge Schiltz taint these proceedings.

SECTION II:

PARTIES:

1. Petitioner Michael Fiorito #00414-424   FCI Herlong P.O. Box 800 Herlong CA  96113

2. Respondent Warden Brewer. FCI Herlong   P.O. Box 800   Herlong CA 96113

SECTION III:

VENUE:

3. Venue here is proper. Petitioner is housed at FCI Herlong, the incidents took place at FCI Sandstone in 2022.

a 2241 must be filed in the jurisdiction where the inmates is housed.

JURISIDCTION:

4. THE RESPONDENT AND BAD ACTORS REFERENCED REFUSED TO FOLLOW THE LAW, THEIR OWN RULES AND POLICIES WHICH CONSTITUTES VIOLATIONS OF THE ACCARDI DOCTRINE. PETITIONERS SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS WERE DENIED AND VIOLATED.

A. THE APA CAN BE INVOKED TO ADDRESS A FEDERAL AGENCIES VIOLATIONS OF THE LAW AND ITS ERRONEOUS INTERPRETATION OF ITS OWN POLICIES AND REGULATIONS AS PETITIONER ALLEGES HEREIN

B. RESPONDENT AND OTHER BOP EMPLOYEES CONDUCT, AS DESCRIBED HEREIN, CONSTITUTES VIOLATIONS OF 2241 (C)(3). THE DISCIPLINARY RULES THEY IGNORED AND MISINTERPRETED ARE CODIFIED IN THE CODE OF FEDERAL REGULATIONS, PASSED BY CONGRESS AND THUS ARE THE LAW OF THE LAND.

C. THE RULE VIOLATIONS 224 (STEALING) AND 314 ALLEGED AGAINST PETITIONER ARE VOID FOR VAGUENESS AND COGNIZABLE IN HABEAS.

ALL OF THE ABOVE FALLS WITHIN THE ORBIT OF HABEAS CORPUS.

(3)

FROM: 00414424
TO:
SUBJECT: 314 i/r exhaustion
DATE: 01/27/2023 08:55:34 AM


EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Petitioner is not required to plead exhaustion in his complaint per Jones v. Bock. But due to how time sensitive this issue is Petitioner will submit his exhaustion history of this incident report and his legal position on exhaustion in this case.

I. ADMINISTRATIVE REMEDY HISTORY IN THIS CASE FOR INDICNET REPORT 314:

1. Plaintiff was transferred from Sandstone 7 days after he was found guilty by the DHO on or about May 14,2022

2. Plaintiff asked staff in the SHU at FCI Sandstone for a BP 10 after the DHO Hearing but they never provided him with one

3. Plaintiff spent the next 3 months in transit being transferred from prison to prison. Petitioner asked several BOP staff members at FCI Oxford, USP Terre Haute and FCI Victorville for BP 10's to start the grievance process for the sham 314 incident report but staff refused to give him one always telling his he had to wait until he arrived at his destination facility

4. Finally Petitioner arrived at FCI Herlong on or about August 20,2022, he was placed in quarantine until approximately August 30,2022. Petitioner continued trying to get a DHO report from Counselor Core in Reno Charlie Unit. Counselor Core directed Petitioner not to file his BP 10 until he was able to get Petitioner a copy of the DHO report. Mr. Core was never able to produce a copy of the DHO report. Mr Core told Petitioner to see Counselor Depillo for a BP 10 on or about October 21, 2022

5. Petitioner obtained a BP 10 from Counselor Depillo on or about October 24,2022

6. Petitioner mailed a completed BP 10 form to the BOP's Western Regional Office on 10-25-2022

7. The BOP never responded to Petitioners BP 10

8. On 12-12-2022 Petitioner sent a BP 11 to the BOP's Central Office in Washington D.C. which was never answered

9. Petitioner made every attempt to exhaust properly & he did properly exhaust

10. This complaint followed

THE BOP'S REFUSAL TO ANSWER PETITIONERS GRIEVANCES MADE THE ADMINISTRATIVE REMEDY PROCESS UNAVAILABLE:

11. In the Ninth Circuit if the prison or jail refuses to answer an inmates adminitrative remedy then it renders the grievance process "unavailable". After the BOP refused to answer the BP 10 the administrative remedy process became unavailable but Petitioner continued on to the BP 11 out of an abundance of caution

12. The BOP's refusal to provide Petitioner with the DHO findings not only violated Petitioners Due Process Rights but also rendered the administrative remedy process unavailable because in the federal prison system an inmate can not appeal DHO findings without the DHO's report

13. The exhibits of the administrative remedies and thier certified mail recipts are contained in Exhibit _____

AFFIDAVIT: I declare under penalty or perjury pursuant to 28 USC 1746 that the information contained herein is true and accurate.
01-20-2023

/s/ Michael Fiorito

TRULINCS 00414424 - FIORITO, MICHAEL - Unit: HER-T-B

---

FROM: 00414424
TO:
SUBJECT: BP 10
DATE: 01/26/2023 07:37:44 PM

AFFIDAVIT: I declare under penalty of perjury pursuant to 28 USC 1746 that the information contained herein is true and accurate.

1. I was transferred to FCI Sandstone on 09-29-2021 (Sandstone hereafter)

2. I filed valid grievances against staff at FCI Sandstone, including the author of the false incident report at issue here. Nearly all of Petitioners administrative remedies were for denial of medical care

3. In July 2021 Petitioner was housed at USP Atlanta

4. In June 2021 the Director of the BOP ordered that USP Atlanta be shut down. I was then transferred to Sandstone on July 5, 2021, which took approximately 4 months.

5. Before I was transferred from USP Atlanta my personal property was thoroughly searched by the special sort team assembled to search all inmates property throughout USP Atlanta and search the entire prison. They found no contraband in my property. I witnessed staff search all of the papers in my property as well as all items in my property.

6. After the sort team searched everything they packed all of my property to be shipped on or about July 2, 2021,

7. My property did not arrive at Sandstone until March 12, 2022,

8. On 03-14-2022 staff at Sandstone called me to the records department to pick up my property

9. I arrived at records and saw that my property was mixed up with 3 other inmates property from USP Atlanta, Dexter Ross, Crenshaw, and one other inmate. I pointed this out to Officer Zucke who replied "so what, you were in Atlanta, what do you expect?"

10. When staff proceeded to search Dexter Ross's property they found a piece of paper that had a PICTURE of a notary stamp copied on it, the alleged evidence used against me

11. Officer Zucke told me it was "payback time" and called Officer Jacobson to records and she examined the piece of paper & ordered staff to place me in the SHU for no reason under the guise of a sham investigation.

    A. On March 12, 2022, Officer Jacobson, the author of this incident report, was served with a copy of the civil action I filed against her alleging she had been retaliating against me at FCI Sandstone. She told me on or about April 19, 2022, that it was "payback time" and I would be getting a shot to teach me a lesson about "filing" on staff. I remained silent. See Fiorito v. Jacobson et al, District of Minnesota No. 22-cv-2128

12. The only statement I made to C/O Jacobson was that the paper was found in Dexter Ross's property, not mine

13. On or about April 25, 2022, Staff at Sandstone issued me a false incident report for possession of stolen property Code 223 and lying to a staff member Code 312. I never saw the incident report. It was only when I went to the UDC committee did I know I had been written up for lying & possession of stolen property and they informed me of the infraction codes. On or about April 28, 2022, my counselor in my unit held a UDC hearing. I informed him that I never received a copy of the incident report and he noted that in his file and told me he would get me a copy of it but he never did.

14. On or about May 5, 2022, I saw the DHO & she wrongly found me guilty of a Code #314 and the Code 312 for allegedly lying to a staff member. The DHO switched the Code with no warning & no explanation of any kind

15. The DHO wrongly took 14 days of good time from me and for no penological reason would not grant me a continuance so I could prepare a defense to a code 314. There is zero similarity between a 314 and 224 (possession of stolen



property)

16. I requested staff rep Mr Glarum who did nothing. I told Mr Glarum to contact Dexter Ross who would admit it was his property and his paper with the notary stamp on it. I asked Mr Glarum to call several staff witness's & he refused. I asked Mr Glarum to let me examine the property & he told me SIS told him I could not review the alleged "evidence" Mr Glarum refused to contact Dexter Ross

17. I never received a copy of the incident report. On or about April 23, 2022, staff at Sandstone conducted a UDC Hearing; at that hearing I told the staff member that I never had a copy of the incident report and he told me he would get me a copy but never did. He noted this in his papers

18. Throughout all stages of the proceedings I requested to see the incident report, examine the alleged "evidence", and call various staff witness's whose testimony would have exonerated me. For no penological reason all of these requests were denied. I also requested that the video from the records department be obtained. My staff rep and UDC staff and the DHO all refused to help me obtain that evidence which would have shown where the alleged evidence was found. I actually had 2 DHO hearings. And in the first hearing I told the DHO I still did not receive a copy of the incident report & she told me she would see to it I recived a copy of the incident report but I never did. The Lieutenant in the SHU told me he never delivered a copy of the incident report nor was he aware of anyone who did

19. The DHO never informed me at the last hearing that she was changing the infraction code. I requested a continuance to compose a defense to the 314 code & for no penological reason the DHO refused which denied me all due process

20. I never received a copy of the DHO's findings which is another due process violation

21. I was transferred 7 days after the DHO hearing

22. I never lied to any staff member. I never copies a notary nor did I forge any documents.

23. I was transferred to FCI Herlong on July 29, 2022,

24. When I arrived at FCI Herlong I spoke to my counselor Mr. Core & requested that he provide me with the DHO Findings. He looked in his computer and was able to verify that I never received the DHO report. Counselor Core told me that he would call me to his office and give me a copy of the DHO findings and a memo stating that my BP 10 could not be filed until I arrived at FCI Herlong.

25. Mr. Core never called me to his office. I waited for 2 months. I saw Mr. Core on the sidewalk on or about 10-17-2022 & asked him about the memo and DHO report & he stated "I really don't know when I will be able to get to you, I'm pretty backed up and your in RDAP now, go ahead & file the 10"

Facts II: LEGAL CLAIMS:

26. I adopt & incorporate by reference paragraphs 1-25

27. For the following Due Process violations, other evidentiary issues & for issuing me this incident report to retaliate against me for filing grievances against staff at FCI Sandstone the incident reports should be expunged:

   A. Denial of All Due Process
   B. I never received the incident report
   C. My staff rep did nothing
   D. Denial of access to witness's who would have exonerated me
   E. Denial of access to Inmate Dexter Ross who would have provided testimony and an affidavit that the notary copy belonged to him and him alone

   F. As a result of this false incident report I was transferred. I was in transit for nearly 3 months. The BOP has created a rule out of whole-cloth that when an inmate is in transit to another BOP prison that time does not count toward FSA good time credits. There is no such rule contained in the FSA. But for now it is a rule that does exist. Petitioner lost approximately 34 good time days as a result of being in transit from approximately May 15, 2022, to August 22, 2022.

(6)

Case 2:22-cv-02269-WBS-AC Document 15 Filed 02/27/23 Page 8 of 8

TRULINCS 00414424 - FIORITO, MICHAEL - Unit: HER-T-B
----------------------------------------------------------------------------------

G. The incident report was 8 months late!!! Staff at USP Atlanta searched through all of my paperwork & even if it was found in my property the officers at USP Atlanta never issued an incident report nor did they confiscate it

H. Changing the incident report Code without warning; there is no similarity between a code 314 & 224 & denying my request for a continuance for no penological reason to give me time to develop a defense for the code 314

I. Never providing me with the DHO's findings and staff's refusal to provide me with a memo

J. At every stage of the proceedings staff, including DHO, refused to allow me to examine the evidence

K. THERE WAS NO NOTICE PROVIDED TO ME AT USP ATLANTA THAT A COPY OF A NOTARY COULD BE A 314 OR ANY OTHER RULE VIOLATION. I NEVER RECEIVED AN INMATE HANDBOOK AT USP ATLANTA WHICH MAY HAVE PROVIDED ME WITH NOTICE THAT THE ALLEGED CONDUCT THE DHO FOUND ME GUILTY OF WOULD CONSTITUTE A RULE VIOLATION. THIS INCIDENT REPORT MUST BE ANALYZED FROM THE PERSPECTIVE OF USP ATLANTA BECAUSE THATS WHERE THE PROPERTY CAME FROM. I NEVER HAD POSSESSION OF MY OR ANY OTHER INMATES PROPERTY AT FCI SANDSTONE DUE TO IT TAKING 8 MONTHS FOR MY PROPERTY TO GET FROM USP ATLANTA TO FCI SANDSTONE.

L. The DHO never questioned me about the incident report for lying to a staff member so I was never able to even provide a statement to the DHO about the alleged lie. I asked the DHO for a continuance so I could compose a written statement & submit it to DHO to demonstrate I never lied but the DHO refused for no penological reason. I asked my staff rep to explain to me what the alleged lie was & Mr Glarum told me he had no idea.

28. For all of the above reasons these incident reports should be expunged or in the alternate a new DHO hearing should be conducted where all due process protections are observed.

END

/s/ *[signature]*

Michael Fiorito

2.7.2023